Smith, J.
The plaintiff in error was charged by an indictment, containing but one count, with the crime of burglary. At the trial the jury returned a verdict finding him “not guilty of burglary as he stands charged in the indictment, but guilty of an attempt to commit burglary as charged therein. ” A motion for a new trial was thereupon filed by the defendant, based on the grounds that no indictment had ever been presented against him, charging him with an attempt to commit burglary, and that the court had erred in the charge given to the jury. This motion was overruled by the court, *614 and the defendant sentenced to imprisonment in the penitentiary for one year — to all of which exception was duly taken, and a bill of exceptions allowed, presenting the points, and this petition in error is filed to reverse such judgment.
Bee. 6835, Rev. Stat., defines the crime of burglary thus: “Where one in the night season, maliciously and forcibly breaks and enters,or attempts to break and enter, any dwelling house, * * * with intent to commit a felony, or with intent to steal property of any value, shall be imprisoned,” etc. Thus making an attempt to commit the criminal act described, an offense.
Bee. 7316, Rev. Stat., provides that “upon any indictment the jury may find the defendant'not guilty of the offense charged, but guilty of an attempt to commit the same, if such attempt is an offense.”' If therefore this provision of the statute is constitutional, it would seem clear that the finding of the jury in this case, should not be interfered with on the ground urged that the defendant in the indictment was not specifically charged with an attempt to commit the offense of burglary. We see no reason to doubt the constitutionality of the provision. The same reasons which uphold the law as administered without question, time out of mind, and which have received the sanction of our courts, and are questioned by no one, that a person indicted for murder in the first degree, may be acquitted of the principal offense, and found guilty of murder in the second degree, manslaughter or assault and battery, or assault only, apply equally here, so far as this question ‘is concerned, and the judgment should not be interferíed wdth on this ground.
Did the court err to the prejudice of the defendant below in the charge given to the jury in regard to the'weight and effect to be given to the evidence offered by hiin as to his previous good character?
It appears from the bill of exceptions that the whole of the charge given to the jury by the trial judge on this sub *615 ject was this: “Evidence of good character is to be taken into account by you like all other evidence introduced into the .case. If the evidence leaves it doubful in your mind as to whether the defendant is guilty, the fact that he is a man of good character should turn the scale in his favor; but if the evidence, outside of the evidence as to character, satisfies you beyond a reasonable doubt that the defendant is guilty, you should not acquit him simply because he is a man of good character.”
To this charge the defendant excepted, and it is urged by his counsel that what was said on this point was erroneous, and that it did not fully and properly state the law upon the subject.
We have had some doubt on the question whether what was thus said by the trial judge was erroneous. He first instructed the jury that evidence of the good character of the defendant was to be taken into account by them like all the other evidence introduced, and this was right and would have been sufficient on this point, unless the effect of it is limited by what was afterwards said. He next told them that "if the evidence left it doubtful in their minds whether the defendant was guilty, the fact that he was a man of good character should turn the scale in his favor.” This language seems to imply that there was to be a consideration by them first, of the evidence other than that as to character, and that if on that, there was doubt of the defendant’s guilt, that evidence of good character ought to decide it in favor of the defendant. But if on this other evidence the jury had reasonable doubt of the guilt of defendant, evidence of good character was not necessary to his acquittal, and what was said to the jury, rather leads to the conclusion that it was the idea of the trial judge that it was only when this other evidence raised a reasonable doubt, that the evidence as to good character should be considered to turn the scales in his favor.
This we think is not accurate or correct. It was held in 5th Jones N. C. 66, and approved by our Supreme Court in *616 Harrington v. State, 19 Ohio St. 269, “that it is error for the court in a criminal case to charge the jury, that in a plain case a good character would not help the prisoner; but in a doubtful case he had a right to have it cast into the scales and weighed in his behalf.” And in the same case the true rule was said to be that the testimony is to go to the jury and be considered by them in connection with all the other facts and circumstances. And if they believe the accused to be guilty, they must so find, notwithstanding his good character. And these rules are approved in Stewart v. Ohio, 22 Ohio St. 485. The next paragraph of the charge given in this case, as it seems to us, still seems to go upon the idea that the evidence as to good character is to be considered as separate and apart from the other evidence-in the case, for the judge says, “if the evidence, outside of the evidence as to character,satisfies you beyond a reasonable doubt that the defendant is guilty, you should not acquit him simply because he is a man of good character.” But the evidence outside of' that as to character, should not be considered .alone. The whole testimony should be looked at together, and if on a fair consideration of the whole of it. a reasonable doubt of the defendant’s guilt exists, it should go to his acquittal. But if on the whole evidence, there is no such reasonable doubt of his guilt, the jury should so find, notwithstanding the proof as to good character.
Thos. F. Shay, for plaintiff in error.
Prosecuting Attorney, for defendant in error.
It seems to us that this is not the law as given by the trial court to the jury; but that the idea naturally conveyed by the language used, is, that such evidence is valuable only in an otherwise doubtful case, andjbeing of the opinion that it was not accurate or strictly correct, and thereby being calculated to mislead the jury, we think for this reason the judgment should be reversed and a new trial awarded to the defendant below.